PER CURIAM.
Appellant, Susan Priest, appeals an order granting Appellee's, Summer L. Velisek, motion for a new trial in the underlying negligence action. The trial court based the order granting a new trial on a combination of two issues: Appellant's cross-examination of Appellee's expert witness about his financial bias (where the expert was asked if he previously testified to earning two million dollars annually from all defendants) and Appellee's unsolicited and unexpected mentioning of "insurance" while she testified during Appellant's case-in-chief. The court found it erred in allowing the cross-examination of Appellee's expert and that Appellee's mention of insurance was prejudicial. Appellant argues that neither ground supports the grant of a new trial. We agree.
In granting a new trial, the trial court ruled that Florida Rule of Civil Procedure 1.280 prohibited Appellant's counsel from questioning Appellee's expert concerning his total annual income from all defendants, and that it should have applied this rule to bar any inquiry into the expert's total annual income on cross-examination.[1] However, rule 1.280 is a rule pertaining to discovery-not evidence. Therefore, we find that the trial court erroneously relied upon this procedural rule in granting a new trial in Appellee's favor.
Likewise, the trial court erred when it granted a new trial based upon Appellee's own unexpected and unsolicited statement in front of the jury regarding her insurance. We find this argument lacks merit because at a minimum, any error was expressly waived by Appellee's counsel.[2]
Therefore, we reverse the trial court's order granting a new trial and remand with instructions to reinstate the jury verdict and judgment.
REVERSED and REMANDED with INSTRUCTIONS.
EVANDER and EISNAUGLE, JJ., and ROGERS, S.G., Associate Judge, concur.

We do not reach any other arguments regarding the propriety of questioning an expert in this fashion as this is the only argument preserved below and properly before us on appeal.

As a result of the explicit waiver found in the record, we need not decide if Appellee's own statement is invited error.